UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEROY GREEN,

               Petitioner,

vs.                          Case No. 3:05-cv-168-J-12MCR

JAMES R. MCDONOUGH,[1] et al.,

               Respondents.

_____

**ORDER**

**I. Status**

Petitioner Leroy Green filed a *pro se* Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on February 22, 2005.  He is challenging 2002 Columbia County convictions for "trafficking in cocaine" (state case nos. 01-346-CF, 02-26-CF & 02-124-CF).  Petition at 2.  Five grounds are raised in the Petition:  (1) the trial court violated Petitioner's Fourteenth Amendment right to due process of law because the court never orally pronounced a fifteen-year prison term and three-year minimum mandatory term for each of his three

_____

[1] James R. McDonough, the Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Columbia County cases, or the $52,900.00 total fine, as stated in the written judgment and sentence orders; (2) the trial court violated Petitioner's Fourteenth Amendment right to due process of law by imposing a "general sentence" at the November 14, 2002, sentencing; (3) the trial court violated Petitioner's Fourteenth Amendment right to due process of law when the written judgment and sentence of November 14, 2002, incorrectly and erroneously stated that the court imposed a term of fifteen years imprisonment for each trafficking in cocaine offense, with a three-year minimum mandatory term for each offense to be served consecutively; (4) the ineffective assistance of counsel for failure to move for a continuance or an extended sentencing date to enable Petitioner to comply with the substantial assistance agreement (hereinafter SAA); and, (5) the ineffective assistance of counsel for failure to object to the imposition of the three-year minimum mandatory sentence because Chapter 99-188, Laws of Florida, violated the single subject rule of the Florida Constitution.

Respondents filed an Answer to Petition for Writ of Habeas Corpus (Doc. #2) (hereinafter Answer) on June 27, 2005.  The Respondents have provided the Court with an Appendix (Doc. #14). Petitioner's Reply to Respondents' Answer to Petition for Writ of Habeas Corpus (Doc. #16) (hereinafter Reply) was filed on July 18, 2005.  He also filed a Notice and Citation of Supplemental Authority (Doc. #19) on November 16, 2005.

## II. Procedural History

Petitioner was charged by information in case no. 01-346-CF with one count of trafficking in cocaine, one count of sale of cocaine, one count of possession of cocaine with intent to sell and one count of possession of drug paraphernalia.  Ex. JJ.[2]  He was charged by information in case no. 02-26-CF with one count of trafficking in cocaine and one count of possession of drug paraphernalia.  Ex. KK.  He was charged by information in case no. 02-124-CF with one count of trafficking in cocaine, two counts of sale of cocaine, two counts of possession of cocaine with intent to sell or deliver and three counts of possession of drug paraphernalia.  Ex. LL.

On August 29, 2002, Petitioner and the State of Florida entered into a SAA encompassing the three cases.  Ex. A; Ex. J at 39-48.  Generally, under the terms of the SAA, Petitioner agreed to plead guilty to all of the charges in the three cases and to provide assistance to the state by identifying persons involved in criminal activity regarding controlled substances, and by assisting in their apprehension and prosecution.   Ex. A.   Under this agreement, there were two potential results:

> Defendant agrees that at the time of sentence, he shall receive a prison sentence of no less than eight (8) years in the Florida Department of Corrections (defendant will not

---

[2] The Court hereinafter refers to Respondents' Appendix (Doc. #14), filed June 28, 2005, as "Ex."

> be required to serve the first three (3) years
> as a minimum mandatory) followed by a term of
> drug offender probation not to exceed 10
> years, as well as any other special conditions
> the Court may impose.   The parties to said
> agreement further agree that if the defendant
> complies with all terms and provisions set
> forth herein, the mandatory fine of $50,000.00
> shall be waived.   The defendant further agrees
> that if he fails to comply with the terms and
> provisions of this agreement he will be
> sentenced to no less than fifteen (15) years
> in the Florida Department of Corrections and
> the three (3) year minimum mandatorys for each
> trafficking count will be imposed and each
> count will run consecutive to the other.
> Further, the mandatory fine of $50,000.00 will
> be imposed by the Court.

Ex. A at 6.

Offers of Plea were signed by Petitioner for each case.   Ex. B; Ex. C; Ex. D; Ex. J at 39-48.   Sentencing was scheduled for November 14, 2002.   Id.   The offers of plea were accepted and Petitioner was released pending sentencing.   Id.

At sentencing on November 14, 2002, Investigator Edward Seifert testified that Petitioner failed to provide substantial assistance.   Ex. J at 51-55, 60.   The state requested that Petitioner be sentenced for non-compliance with the agreement.   Id. at 58.   The court adjudicated Petitioner guilty and pronounced sentence:

> THE COURT:  The judgment and sentence of
> the court:   The defendant is adjudicated.
> Sentenced to 15 years.   Three-year-minimum-
> mandatory minimum.   $50,000 fine.   Adjudicated
> guilty.   $400 court cost converted to judgment
> and lien.   And the $390 attorney fee converted
> to judgment and lien.

- 4 -

. . . .

MR. JOHNSON [THE PROSECUTOR]:   On the misdemeanors, give him credit for time served. All counts run concurrent.

THE COURT:   Granted.

Id. at 60-61.

The written judgment and sentence orders show that Petitioner received prison terms of fifteen years on the three felony counts, running concurrently, with three-year minimum mandatory terms running consecutively, and to time served on all of the misdemeanor counts.   Ex. F; Ex. G; Ex. H.   In case no. 02-26-CF, there is a judgment for fines and costs totaling $52,900.00.   Ex. G.

Although a Notice of Appeal was filed, Ex. I, it apparently was not prosecuted by Petitioner.   Petition at 3.   On April 14, 2003, pursuant to the mailbox rule, Petitioner filed a Rule 3.850 Motion for Post Conviction Relief.   Ex. J at 1-27.   Four grounds were raised therein:   (1) "[t]he written judgement [sic] and sentence order does not conform with the trial court oral pronouncement, and is therefore invalid[;]" (2) "[t]he imposition of a 'general sentence' is clearly unlawful in the State of Florida[;]" (3) "[c]ontrary to the 'written' judgement [sic] and sentence order entered on November 14th 2002, no sentence of 'imprisonment' was ever imposed upon the defendant for the charged offenses of trafficking in cocaine, as alleged in the 'written' order of November 14th 2002[;]" and, (4) "[c]ounsel rendered

- 5 -

'ineffective' representation when he failed to motion the court for a continuance -or- extended sentencing date due to the defendant['s] need for additional time to comply with the substantial assistance agreement for a reduced sentence reccommendation [sic][.]" <u>Id</u>. A supplement was filed raising two additional grounds: (5) "[t]he defendant was denied 'effective' assistance of counsel when counsel failed to object to the defendant being sentenced pursuant to an unconstitutional statute (F.S. 893.135)[;]" and (6) "[t]he minimum mandatory portion of defendant['s] sentence was imposed in violation of the laws of the State of Florida." Ex. J at 28-32.

A hearing was conducted on September 18, 2003. Ex. K at 107-16. The state conceded that the three-year minimum mandatory sentences on the trafficking counts should have been concurrent, not consecutive. <u>Id</u>. at 109-13. The prosecutor argued, in response to Petitioner's claim of ineffective assistance of counsel, that the state would not have agreed to a continuance of the SAA. Ex. K at 112. She also stated that Petitioner's counsel was aware of that, "which means even if he had asked for it under our substantial assistance we would have directed the Court or asked the Court to go forward and not agree to a continuance." <u>Id</u>.

The trial court granted the request to have the three-year minimum mandatory sentences on the trafficking counts run concurrently. <u>Id</u>. at 115. The court then informed Petitioner:

"As Mr. Wilson [defense counsel] knows, I don't ever grant any extensions to substantial assistance agreements because that's a deal between the contract with the State and the officer." Id.

On November 13, 2003, the trial court entered an order, *nunc pro tunc* as of September 18, 2003, granting in part and denying in part the Rule 3.850 motion. Ex. J at 68-70. The court granted Petitioner's first ground concerning the three-year minimum mandatory sentences running concurrently rather than consecutively. Id. at 68. With regard to the rest of the Rule 3.850 motion, the court adjudged:

> The Defendant next asserts in ground two of his motion that the sentences imposed by the Court were not legal because they did not comport with the oral pronunciation. The Court finds such argument to be without merit. The Defendant signed an offer of plea and a substantial assistance agreement which set forth the sentence the defendant would receive if he did or did not comply with the terms and conditions of the agreement. The Court, at the time of sentencing, set forth the sentence the defendant was to receive and re-iterated such on the record at the evidentiary hearing. The sentences imposed by the Court, in each cause, were valid, legal, and did not improperly exceed the statutory maximum for a habitual felony offender. As such, the Defendant's Motion for Post Conviction Relief as to ground two is denied.

> Defendant next asserts in ground three of his Motion that no sentence of imprisonment was ever imposed upon the defendant for the charged offenses of trafficking in cocaine as alleged in the written order. A review of the sentencing transcript, substantial assistance agreement, and plea agreement signed by the defendant, specifically reflect that a prison

sentence was imposed, by the Court, for each
trafficking count.  As such, the Defendant's
Motion for Post Conviction Relief as to ground
three is denied.

Defendant next asserts in ground four of
his Motion, that he was denied ineffective
assistance of counsel because his attorney did
not move to continue or extend the sentencing
hearing to provide the defendant an
opportunity to perform further under the
substantial assistance agreement[.]  The Court
finds said assertion to also be without merit.
The defendant specifically signed a plea offer
and substantial assistance agreement, wherein
he acknowledged the terms of the agreement and
the proposed date of his sentencing.  The
defendant signed the agreement on August 29,
2002.  He was not sentenced until November 14,
2002.  The defendant was given ample time, by
the State of Florida, to comply with said
substantial assistance agreement - he failed
to do so.  The Court does not find defense
counsel to have been ineffective for failing
to ask the Court to extend the terms of a
substantial assistance agreement to which the
Court was not a party.  Further, counsel for
the state specifically advised the Court, and
defense counsel, that she would not have
agreed to extend the terms of said substantial
assistance agreement, due to the defendant's
failure to perform, at all, under said
agreement, prior to the sentencing date.  As
such, the defendant's motion for Post
Conviction relief as it relates to ground
four, is denied.

Finally, the defendant orally moved the
Court to grant his Motion for Post Conviction
Relief on the basis that the 3 year minimum
mandatory term was illegal in its entirety.
The Court denies relief as to this assertion
based on the First District Court of Appeals
rulings in **Pitts v. State**, 2003 Fla. App.
Lexis 14458 (09-26-2003); and most recently in
**Rudd v. State**, 2003 Fla. App. Lexis 16115 (10-
28-2003); and **Watkins v. State**, 2003 Fla. App.
Lexis 16114 (10-28-2003).

Ex. J at 68-69 (enumeration of paragraphs omitted).  Petitioner's judgment and sentences were amended as ordered.  Ex. J at 70; Ex. F; Ex. G; Ex. H.

Petitioner moved for rehearing, Ex. J at 71-94, and on January 5, 2004, the motion was granted in limited part, affirming the court's November 13, 2003, order, but directing the inclusion of the necessary portions of the record (the sentencing hearing transcript, November 14, 2002, and the offer of plea, August 29, 2002).  Id. at 95.[3]  Petitioner appealed.  Ex. J at 96-104.  See Ex. J; Ex. K; Ex. Y; Ex. Z.

The trial court conducted a hearing on March 2, 2004.  Ex. L. The purpose of the hearing was to recite on the record the necessary portions of the record that refute the post conviction claims and to clarify the status of the case.  Id. at 3, 5-6.

The First District Court of Appeal, on October 20, 2004, affirmed per curiam.  Ex. AA.  Petitioner moved for rehearing.  Ex. BB.  Rehearing was denied.  Ex. CC.  The mandate issued on December 30, 2004.  Ex. DD.

### III.  Evidentiary Hearing

A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven,

---

[3] Although not entirely clear, it appears that the documents may not have been attached to the court's Order Granting "Motion for Rehearing" but they are contained in the state court record.

would entitle him to habeas corpus relief.  Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293 (1963)).  Here, the pertinent facts of the case are fully developed in the record before the Court.  Smith, 170 F.3d at 1054 (stating that a district court does not need to conduct an evidentiary hearing "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel").

No evidentiary proceedings are required in this Court.  See High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001).  The Court can "adequately assess [Petitioner's] claim[s] without further factual development."  Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).  Therefore, for the reasons set forth above, an evidentiary hearing will not be conducted by this Court.

## IV.  Standard of Review

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA).  Since this action was filed after the effective date of AEDPA, the Court will analyze Petitioner's claim under 28 U.S.C. § 2254(d), as amended by AEDPA.  Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert.

denied, 538 U.S. 926 (2003); <u>Fugate v. Head</u>, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), <u>cert</u>. <u>denied</u>, 535 U.S. 1104 (2002); <u>Wilcox v. Florida Dep't of Corr.</u>, 158 F.3d 1209, 1210 (11th Cir. 1998), <u>cert</u>. <u>denied</u>, 531 U.S. 840 (2000).

The Eleventh Circuit has described the standard of review under AEDPA and has explained:

> The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this [action] and limits our review of the decisions of the state courts:
>
> > A federal court may not grant a petition for a writ of habeas corpus to a state prisoner on any claim that has been adjudicated on the merits in state court unless the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court.
>
> <u>Clark v. Crosby</u>, 335 F.3d 1303, 1307-08 (11th Cir. 2003) (citations omitted). A general framework of substantial deference governs our review of every issue that the state courts have decided:
>
> > [A] state-court decision can be "contrary to" this Court's clearly established precedent in two ways. First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's

precedent if the state court
confronts facts that are materially
indistinguishable from a relevant
Supreme Court precedent and arrives
at a result opposite to ours.

. . . .

[A] state-court decision can
involve an "unreasonable
application" of this Court's clearly
established precedent in two ways.
First, a state-court decision
involves an unreasonable application
of this Court's precedent if the
state court identifies the correct
governing legal rule from this
Court's cases but unreasonably
applies it to the facts of the
particular state prisoner's case.
Second, a state court decision also
involves an unreasonable application
of this Court's precedent if the
state court either unreasonably
extends a legal principle from our
precedent to a new context where it
should not apply or unreasonably
refuses to extend that principle to
a new context where it should apply.

Williams v. Taylor, 529 U.S. 362, 405-07, 120
S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000).

Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1141 (11th

Cir. 2005), cert. denied, 126 S.Ct. 803 (2005).

The Eleventh Circuit addressed the application of the

"contrary to" clause in reviewing a state court adjudication:

In applying the "contrary to" prong of
AEDPA, we have recognized that where no
Supreme Court precedent is on point, "we
cannot say that the state court's conclusion
. . . is contrary to clearly established
Federal law as determined by the U.S. Supreme

- 12 -

Court." <u>McIntyre v. Williams</u>, 216 F.3d 1254, 1258 (11th Cir. 2000).

<u>Washington v. Crosby</u>, 324 F.3d 1263, 1265 (11th Cir.), <u>cert</u>. <u>denied</u>, 540 U.S. 965 (2003).

Under 28 U.S.C. § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Furthermore, AEDPA "also directs that a presumption of correctness be afforded factual findings of state courts, which may be rebutted only by clear and convincing evidence. <u>See id</u>. at § 2254(e)(1). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing <u>Sumner v. Mata</u>, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. <u>Wright v. Sec'y for the Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 906 (2003). <u>See Peoples v. Campbell</u>, 377 F.3d 1208, 1227 (11th Cir. 2004), <u>cert</u>. <u>denied</u>, 125 S.Ct. 2963 (2005). Thus, to the

extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

## V.  Ineffective Assistance of Counsel

Petitioner has raised a claim of ineffective assistance of counsel.  As noted previously, the standard of review to be applied is that found in AEDPA.  As explained by the Supreme Court of the United States:

> Under 28 U.S.C. § 2254, [Petitioner's] entitlement to federal habeas relief turns on showing that the state court's resolution of his claim of ineffective assistance of counsel under Strickland v. Washington, supra, "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1). An "unreasonable application" occurs when a state court "'identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, supra, at 520, 123 S.Ct. 2527 (quoting Williams v. Taylor, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (opinion of O'CONNOR, J.)). That is, "the state court's decision must have been [not only] incorrect or erroneous [but] objectively unreasonable." Wiggins v. Smith, supra, at 520-521, 123 S.Ct. 2527 (quoting Williams v. Taylor, supra, at 409, 120 S.Ct. 1495 (internal quotation marks omitted)).

> Ineffective assistance under Strickland is deficient performance by counsel resulting in prejudice, 466 U.S., at 687, 104 S.Ct. 2052, with performance being measured against an "objective standard of reasonableness," id., at 688, 104 S.Ct. 2052, "under prevailing professional norms." Ibid.; Wiggins v. Smith, supra, at 521, 123 S.Ct. 2527.

Rompilla v. Beard, 125 S.Ct. 2456, 2462 (2005).

The United States Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'"  Wiggins v. Smith, 539 U.S. 510, 521 (2003) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).

The Eleventh Circuit has expounded upon the deference due to counsel's performance as well as to the state court's decision concerning that performance:

> In assessing [Petitioner's] claim that his trial counsel were ineffective we must keep in mind that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689, 104 S.Ct. at 2065. In addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision. Woodford, 537 U.S. at 24, 123 S.Ct. at 360 (section 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings") (internal marks and citation omitted). [Petitioner] must do more than satisfy the Strickland standard. He must also show that in rejecting his ineffective assistance of counsel claim the state court "applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 699, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002).

Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004), cert. denied, 544 U.S. 982 (2005).

In order to succeed on an ineffective assistance of trial counsel claim concerning a guilty plea, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness; and, (2) a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial.  See Hill v. Lockhart, 474 U.S. 52, 57-59 (1985) (extending the test adopted in Strickland to cases involving guilty pleas).

## VI.  Grounds One and Two

Petitioner failed to raise federal constitutional claims in the state Rule 3.850 motion.  Instead, he complained that there were state law violations. Ex. J at 4-8.  If a petitioner presents a federal claim in a federal habeas petition, he must have exhausted the same federal claim in state court rather than presenting the issue to the state courts in terms of trial court error or a violation of state law or procedure.  Upon review of the state Rule 3.850 motion, it is clear that these issues were not raised in the federal or constitutional sense.  The claims were presented in terms of a violation of state law or procedure.  The United States Constitution was not referenced and claims of constitutional error were not raised.

The Supreme Court of the United States explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the

> "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (citation omitted)).   To provide the State with the necessary "opportunity," **the prisoner must "fairly present" his claim in each appropriate state court** (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.   Duncan, supra, at 365-366, 115 S.Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added).

In Baldwin, the Supreme Court recognized a variety of ways a federal constitutional issue could be fairly presented to the state court:  by citing the federal source of law, by citing a case deciding the claim on federal grounds, or by labeling the claim "federal."  Id. at 32.  Here the Rule 3.850 motion does not refer to provisions of the Federal Constitution, it does not cite federal cases relying on constitutional law, nor does it label the claims federal.   In sum, there is nothing before the Court which shows that federal claims were fairly presented to the state courts concerning grounds one and two.

It would be futile to dismiss this case to give Petitioner the opportunity to exhaust his federal claims because any Rule 3.850 motion that he filed at this time in state court would be subject to dismissal as successive and/or untimely.  If "it is obvious that the unexhausted claim would now be procedurally barred due to a

- 17 -

state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999) (per curiam) Accordingly, Petitioner has procedurally defaulted his federal claims for grounds one and two.

"Procedural defaults in state courts will foreclose federal court review, absent a showing of cause and prejudice." Parker v. Sec'y for the Dep't of Corr., 331 F.3d 764, 770 (11th Cir. 2003) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)), cert. denied, 540 U.S. 1222 (2004). "[A] petitioner may gain federal review of an otherwise procedurally defaulted claim if he can demonstrate both cause excusing the default and actual prejudice resulting from the bar." Hill v. Jones, 81 F.3d 1015, 1022-23 (11th Cir. 1996) (citations omitted), cert. denied, 519 U.S. 1119 (1997).

"[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)), cert. denied, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal'

innocence." <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), <u>cert</u>. <u>denied</u>, 535 U.S. 926 (2002).

Here, Petitioner has not shown both cause and prejudice to excuse the default, nor has he shown that he meets the fundamental miscarriage of justice exception. Thus, the Court will not review the merits of his federal constitutional claims for grounds one and two.

The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991). The writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights." <u>Cabberiza v. Moore</u>, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing <u>Branan v. Booth</u>, 861 F.2d 1507, 1508 (11th Cir. 1988)), <u>cert</u>. <u>denied</u>, 531 U.S. 1170 (2001). Thus, Petitioner's exhausted claims present issues of state law that are not cognizable in this proceeding.

The Eleventh Circuit has stated that only in cases of federal constitutional error will a federal writ of habeas corpus be available. <u>See</u> <u>Jones v. Goodwin</u>, 982 F.2d 464, 471 (11th Cir. 1993); <u>Krasnow v. Navarro</u>, 909 F.2d 451, 452 (11th Cir. 1990). The Supreme Court has often held that federal habeas relief does not lie for errors of state law. Clearly, it is not the province of a federal habeas court to reexamine state-court determinations on

issues of state law. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" <u>Branan v. Booth</u>, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting <u>Willeford v. Estelle</u>, 538 F.2d 1194, 1198 (5th Cir. 1976)). The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. <u>McCoy v. Newsome</u>, 953 F.2d 1252, 1264 (11th Cir.) (per curiam), <u>cert</u>. <u>denied</u>, 504 U.S. 944 (1992).

Alternatively, even if the Court were to address the merits of grounds one and two, Petitioner is still not entitled to relief. "'A general sentence is an undivided sentence for more than one count that does not exceed the maximum possible aggregate sentence for all the counts but does exceed the maximum allowable sentence on one of the counts.'" <u>United States v. Moriarty</u>, 429 F.3d 1012, 1025 (11th Cir. 2005) (per curiam) (citing <u>Jones v. United States</u>, 224 F.3d 1251, 1259 (11th Cir. 2000)). There is no Fourteenth Amendment due process violation unless the sentence imposed exceeds the maximum allowable sentence on any single count. <u>See</u> <u>id</u>. Here all of the felony counts were second degree felonies or higher. Thus, a sentence of fifteen years did not exceed the statutory maximum on any felony count. § 775.082(3)(c), Fla. Stat.

## VII.  Ground Three

In his Reply at 13, Petitioner asks this Court to "delete ground three."  Therefore, ground three will be stricken and it will not be addressed.

## VIII.  Grounds Four and Five

In grounds four and five, Petitioner claims his counsel was ineffective.  Petitioner has adequately exhausted his claim of ineffective assistance of counsel.  This Court will give the deference which is due the state court ruling on this issue.  With respect to this claim, the trial court denied the claim of ineffective assistance of counsel after conducting a hearing.[4]

The trial court found:

> Defendant next asserts in ground four of his Motion, that he was denied ineffective assistance of counsel because his attorney did not move to continue or extend the sentencing hearing to provide the defendant an opportunity to perform further under the substantial assistance agreement[.]  The Court finds said assertion to also be without merit.  The defendant specifically signed a plea offer and substantial assistance agreement, wherein he acknowledged the terms of the agreement and the proposed date of his sentencing.  The defendant signed the agreement on August 29, 2002.  He was not sentenced until November 14, 2002.  The defendant was given ample time, by the State of Florida, to comply with said substantial assistance agreement - he failed to do so.  The Court does not find defense counsel to have been ineffective for failing to ask the Court to extend the terms of a

---

[4] It is clear that the hearing was not an evidentiary hearing with sworn testimony from witnesses.

> substantial assistance agreement to which the
> Court was not a party.  Further, counsel for
> the state specifically advised the Court, and
> defense counsel, that she would not have
> agreed to extend the terms of said substantial
> assistance agreement, due to the defendant's
> failure to perform, at all, under said
> agreement, prior to the sentencing date.  As
> such, the defendant's motion for Post
> Conviction relief as it relates to ground
> four, is denied.

Ex. J at 69.

First it is clear that, in this case, the state court adjudicated Petitioner's claim of ineffective assistance of counsel on the merits, and thus, there is a qualifying state court decision.  See Wright, 278 F.3d at 1255-56.  Having found that the state court determination was a qualifying decision, the Court must next consider the "contrary to" and "unreasonable application" components of the statute.  "It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide."  Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied, 537 U.S. 978 (2002).

Upon review, the state court's decision did not contradict governing law.  In addition, there is no Supreme Court case favorable to Petitioner that is materially indistinguishable from the facts of this case.

The second inquiry, whether the state court's application of clearly established federal law was objectively reasonable, is also addressed.  Upon review of the record before the Court, the state

court's application of the clearly established law regarding the effectiveness of trial counsel was objectively reasonable.   The state court reasonably applied the ineffectiveness standard to the facts of Petitioner's case.

The ruling of the state trial court in denying the claim of ineffective assistance of counsel raised in the Rule 3.850 Motion resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.   28 U.S.C. § 2254(d).   Accordingly, Petitioner is not entitled to relief on his claim of ineffective assistance of counsel because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Alternatively, the Court is convinced that Petitioner is not entitled to relief on the ineffective assistance of counsel claim raised in ground four.   As noted by Respondents, there was no basis for counsel to move for a continuance or an extended sentencing date.   Petitioner was clearly aware of the provision that required Petitioner to provide assistance before his sentencing date.   There were no surprises.   Petitioner knew the sentencing date and he knew he was under a time constraint to complete the SAA.

Further, there was no prejudice.  At the September 18, 2003, hearing the prosecutor stated that she would not have agreed to a continuance and that defense counsel was aware of this.  Ex. K at 112-13.  Additionally, the trial court stated that it never granted extensions to SAA's because the court considered it a contract with the state and the officer, and that defense counsel was aware of the court's policy.  Id. at 115.

Finally, with respect to ground five, Petitioner's trial counsel was not ineffective for failing to object to the imposition of the three-year minimum mandatory sentences on the trafficking counts.  Petitioner relies on Taylor v. State, 818 So.2d 544 (Fla. 2nd DCA), review dismissed, 821 So.2d 302 (Fla. 2002), asserting that Chapter 99-188 is unconstitutional because it violates the single subject rule.  A split in the state District Courts of Appeal developed on whether the Act violated the single subject rule, and the Third District Court of Appeal certified conflict with the Taylor decision.  Franklin v. State, 887 So.2d 1063, 1069-70 (Fla. 2004).  The Fourth and First Districts agreed with the Third District that there was no violation of the single subject rule.  Id. at 1070 n.8.  The Fifth District agreed with the Second, finding the Act violated the single subject rule.  Id. at 1069 n.7.

The Second District's decision in Taylor was disapproved by the Supreme Court of Florida in Franklin, 887 So.2d at 1083.  The Florid Supreme Court found that "Chapter 99-188 does not violate

the single subject clause of article III, section 6 of the Florida Constitution." Id. at 1082.

Counsel cannot be found to be ineffective for failing to raise a challenge based on the single subject rule.  "Chapter 99-188 is identified at the beginning of its full title as 'an act relating to sentencing.'"  Franklin, 887 So.2d at 1067.  As noted by the Supreme Court of Florida, "[b]ased on our determination that ordinarily the subject will be found in the short title, we conclude that the subject of chapter 99-188 is sentencing." Id. at 1080.

Here, counsel could have objected at the time of sentencing; however, his performance was not deficient because he failed to do so.  The First District Court of Appeal had not found that Chapter 99-188 violated the single subject rule at the time of Petitioner's sentencing.[5]  Since the subject of the Chapter was sentencing and the section at issue was section 9, providing for minimum mandatory sentences for certain trafficking offenses, a topic properly connected to the subject of sentencing, counsel's performance was not deficient for failing to object.  Franklin, 887 So.2d at 1080-81.  "We note that both the Taylor court and Judge Cope in his dissent determined that section 9 was logically related to sentencing because the modified crime was punishable by a mandatory

_____

[5] In fact, later on, the First District Court of Appeal found that it did not violate the single subject rule.

- 25 -

minimum term created by the Act."   <u>Franklin</u>, 887 So.2d at 1082
(citing <u>Taylor</u>, 818 So.2d at 549; <u>State v. Franklin</u>, 836 So.2d
1112, 1120 (Fla. 3d DCA 2003)).   Clearly, section 9 and its
provisions were properly connected to the subject of sentencing.

Finally, the Court finds that Petitioner was not prejudiced by
counsel's performance.   The First District Court of Appeal found
that the Chapter did not violate the single subject rule, and the
Supreme Court of Florida agreed with that decision.   Petitioner
would not have prevailed on this claim even if it had been raised
by counsel.

Any claims not specifically addressed are found to be without
merit.   Accordingly, it is now,

**ORDERED AND ADJUDGED:**

1.   The Petition for Writ of Habeas Corpus (Doc. #1) is
**DENIED.**

2.   The Clerk of the Court shall enter judgment denying the
Petition and dismissing this case **with prejudice**.

3.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** in Jacksonville, Florida, this ___19th___ day of October, 2006.


HOWELL W. MELTON
United States District Judge


sa 10/10
c:
Leroy Green
Ass't A.G. (David)